### In the Matter Pertaining to W. H. Pat O'BRYAN.

### Misc. No. 7.

United States District Court, W. D. Oklahoma.

March 29, 1967.

Reagan M. Martin, Harvey L. Davis, Dallas, Tex., for appellant.

### ORDER

LANGLEY, Chief Judge.

Now on this 28 day of March, 1967, there comes on for further consideration the motion of W. H. Pat O'Bryan to vacate and expunge from the record an order striking his name from the roll of attorneys authorized to practice law

in this court. After considering the further statement of the movant filed pursuant to the order of this court entered on January 26, 1967, and after examining the pertinent records in the office of the clerk of this court, the court is of the opinion, and so finds, that the motion should be denied without a hearing.

From an examination of a transcript of the proceedings on November 3, 1958, in Bankruptcy Case No. 10680, In the Matter of Selected Investments Corp., et al., it appears that evidence was offered by the trustee for the corporation tending to show that the movant herein, W. H. Pat O'Bryan, had undertaken to support a claim against the trustee by a false and fraudulent instrument, a letter; that when such evidence was offered the court at the request of W. H. Pat O'Bryan and his attorney continued the case for further hearing until November 10, 1958; and that at the hearing on November 3, 1958, the court clearly indicated to the movant and his counsel the seriousness with which he viewed the evidence and cautioned the movant of the need to be prepared to offer evidence at the subsequent hearing to disprove the apparent misconduct.

From a statement by the judge handling the matter, Stephen S. Chandler, referred to in the previous order of this court, it appears that the movant's attorney was clearly advised on November 7, 1958, that unless evidence was offered at the hearing set for November 10, 1958, to disprove the fabrication the movant would be disbarred from practice in this court. Although afforded an opportunity to deny this statement, the movant has failed to do so and the statement will therefore be taken as establishing as a fact that prior to the hearing on November 10, 1958, the movant had been fully advised as to the purpose of the hearing and of the possible consequences to him.

From an examination of a transcript of the proceedings on November 10, 1958, it appears that the movant was present and represented by counsel, that he was fully advised again of the consequences if he should fail to offer testimony to disprove the evidence introduced at the hearing on November 3, 1958, respecting the filing of a false and fabricated document, and that no such evidence was offered at the hearing by the movant.

It further appears from an examination of the record of the proceedings on November 10, 1958, an examination of the docket entries for that date, the daily blotter of the court clerk, the special docket for attorneys' admissions and grievances, disbarments, etc., and an examination of the files in the office of the clerk of this court, that on November 10, 1958, an order was entered, signed by all of the judges of this court at the time, striking the name of the movant from the roll of attorneys of this court, and that appropriate entries were made on the various pertinent dockets. And it further appears that no appeal was taken by the movant from this order.

From a further examination of the records of the clerk of this court it appears that on September 2, 1959, an application was filed by the movant for permission to file a motion for reconsideration of his claim against the trustee for Selected Investments and to vacate the order entered November 10, 1958, and restore the movant's name to the list of attorneys entitled to practice before this court; that a hearing on the application was held on September 25, 1959, at which time the application was denied; and that an appeal from this order was denied on December 2, 1959, as not timely filed.

The court finds, therefore, that the order of November 10, 1958, striking the movant's name from the list of attorneys authorized to practice before this court was entered after the movant had been given notice of the charge against him and had been afforded an opportunity to prepare and present a defense; that on September 25, 1959, the court denied an application of the movant to vacate the order and restore his name to the roll of attorneys; that no timely appeal was taken from either order; and

that the movant is not entitled to a reconsideration of said orders in this proceeding. The court further finds that since said orders have become final and may not be set aside, no useful purpose could be served in setting this matter for hearing.

It is therefore by the Court ordered that the motion or application of W. H. Pat O'Bryan to vacate the order of this court entered November 10, 1958, and restore his name to the list of attorneys authorized to practice before this court be and the same hereby is overruled and denied, and this action is dismissed.